UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUCE T. FORDHAM,

       Petitioner,

v.                                        Case No. 2:03-cv-183
                                        HON. RICHARD ALAN ENSLEN

PATRICIA CARUSO,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Bruce Fordham filed this petition for writ of habeas corpus challenging the Michigan Parole Board's revocation of his parole. Petitioner's first conviction in Michigan was in 1975 for unarmed robbery and assault with intent to rob. Petitioner served his sentences and was released in October 1985. In September 1988, petitioner was sentenced to one and one half to four years for possession of cocaine. In October 1989, petitioner was convicted of felonious assault and sentenced as a habitual offender to two to six years for felonious assault and to two to seven and one half years for a prisoner possessing a weapon. Petitioner was paroled in November 1993. Petitioner violated his parole. Petitioner was sentenced in September 1995 to one to four years for felonious assault and two years for felony firearm. Petitioner was paroled in 1999. Petitioner violated his parole in February 2000 and then again paroled in June 2000. Petitioner violated his parole in October 2000. Petitioner was jailed for a short time in the Oakland County jail for an OUIL violation. In November 2000, petitioner was again paroled. Petitioner violated his parole in September 2001. On November 14, 2001, a parole hearing was held and it was recommended that petitioner receive a 12 month continuance. On December 3, 2001, petitioner's parole was revoked

and his incarceration was continued for an 18 month period. The Parole Board denied petitioner parole in January 2003, recommending that petitioner be incarcerated until his maximum sentence was served. Petitioner has now been discharged from prison.

Petitioner filed a habeas petition in the state circuit court which was denied. Petitioner appealed the denial to the Michigan Court of Appeals which was denied on June 10, 2003. Petitioner filed a delayed application for leave to appeal. On July 14, 2003, the Michigan Supreme Court ordered petitioner to re-file his pleadings with the proper fees and denied petitioner's motion to waive fees. No further action was taken by petitioner in the state courts.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Petitioner must be granted reinstatement of parole or parole revocation rehearing by respondent due to failure to comply with the 14th constitutional amendment substantive and procedural due process clause.

II. Petitioner is entitled to challenge parole revocation procedural due process denial by the authority writ of habeas corpus.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state

conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*,

- 4 -

264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The Michigan Supreme Court dismissed petitioner's request for leave to appeal because petitioner failed to pay the filing fee. Apparently, petitioner never corrected that procedural error. Petitioner has failed to set forth cause or prejudice for his procedural default. Accordingly, it is recommended that the petition be dismissed because of petitioner's procedural default.

Moreover, petitioner's claim fails on the merits. Petitioner claims that his due process and state statutory rights were violated when he was denied a fair and impartial fact finding hearing before the revocation of his parole. In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. The minimal due process requirements at the revocation hearing stage include:

- 5 -

> (a) written notice of the claimed violation of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached hearing body' such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey,* 408 U.S. at 489. The Court emphasized, however, that the second stage of parole revocation should not be equated with a full criminal prosecution. *Id.* The due process requirements for a revocation hearing defined in *Morrissey* are codified in MICH. COMP. LAWS § 791.240a.

Because the revocation of parole is not part of a criminal prosecution, parolees are not entitled to the full panoply of rights given to defendants in criminal proceedings. *Morrissey*, 408 U.S. at 480. The process should be flexible enough to consider evidence that would not necessarily be admissible in adversary criminal proceeding such as letters, affidavits, and hearsay testimony. *Id.* at 489; *United States v. Froman*, No. 86-5540, 1987 WL 36965, *2-3 (6th Cir. April 6, 1987). Unlike criminal proceedings, a parolee need not be found guilty beyond a reasonable doubt before having his parole revoked; rather, the revocation of parole is proper when supported merely by reasonable grounds. *See Morrissey*, 408 U.S. at 490; *Simmons v. Hurley*, No. 95-3168, 1997 WL 14781, * 2 (7th Cir. Jan. 9, 1997).

Petitioner was provided with notice of the charges. A preliminary hearing was conducted, a report was prepared, and petitioner was arraigned on the charges. An attorney was appointed for petitioner and a hearing was held. Petitioner was provided with notice of the hearing, a prompt hearing, notice of the evidence against him, and the opportunity to present evidence and cross-examine witnesses. The record does not support petitioner's claim that he was denied any right

during the parole revocation hearing. Moreover, petitioner has now been discharged from prison. Accordingly, any claim regarding petitioner's revocation of parole is now moot.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application because of petitioner's procedural default in the state courts. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds

of procedural default.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

*NOTICE TO PARTIES*:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 */s/ Timothy P. Greeley*
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  October 24, 2005